UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

| | | |
|---|---|---|
| **MORRIS CHARLES JOHNSON** | * | **CIVIL ACTION NO. 10-1552** |
| **VERSUS** | * | **JUDGE ROBERT G. JAMES** |
| **MICHAEL J. ASTRUE, COMMISSIONER, SOCIAL SECURITY ADMINISTRATION** | * | **MAG. JUDGE KAREN L. HAYES** |

## REPORT AND RECOMMENDATION

Pursuant to the court's January 18, 2011, Scheduling Order, plaintiff was required to file a memorandum within 60 days after service of the administrative transcript. *See* Jan. 18, 2011, Scheduling Order [doc. # 5].[1] However, he failed to do so. Accordingly, on August 8, 2011, the undersigned notified plaintiff that the court intended to dismiss this matter with prejudice under Rule 41(b) unless plaintiff filed his brief by **Monday, August 22, 2011**. (Aug. 8, 2011, Notice of Intent to Dismiss [doc. # 7]). The court further directed plaintiff's counsel to provide his client with a copy of the notice, so plaintiff was personally aware of, and shared responsibility for, the potential dismissal of his case for failure to comply with court order(s). To date, plaintiff has neither filed his memorandum nor otherwise responded to the court's order.

## Law and Analysis

The Federal Rules of Civil Procedure provide that "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it." Fed.R.Civ.P. 41(b) (in pertinent part). The Supreme Court has interpreted this

---

[1] The Commissioner filed the administrative transcript in the court record on January 18, 2011. [doc. # 11]. Thus, plaintiff's brief was due on or about March 21, 2011.

rule as authorizing the district court to dismiss an action *sua sponte*, even without a motion by defendant. *Link v. Wabash R.R.Co.*, 370 U.S. 626, 630-31, 82 S.Ct. 1386, 1388-89 (1962). "The power to invoke this sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the [d]istrict [c]ourts." *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir.1988).

A dismissal with prejudice is "an extreme sanction that deprives the litigant of the opportunity to pursue h[er] claim." *Berry v. CIGNA/RSI-CIGNA*, 975 F.2d 1188, 1190 (5th Cir. 1992) (internal quotations omitted). Dismissal with prejudice for failure to prosecute or to comply with a court order is warranted only where "a clear record of delay or contumacious conduct by the plaintiff exists and a lesser sanction would not better serve the interests of justice." *See Millan v. USAA General Indem. Co.*, 546 F.3d 321, 325 (5th Cir. 2008) (citations and internal quotation marks omitted). In addition, the Fifth Circuit generally requires the presence of at least one of three aggravating factors:  "(1) delay caused by [the] plaintiff himself and not his attorney; (2) actual prejudice to the defendant; or (3) delay caused by intentional conduct." *Id*.

The undersigned finds that the requirements for a dismissal with prejudice are satisfied in this case. As discussed above, plaintiff has ignored two court orders. Furthermore, dismissal of the case may be the least sanction where, as here, there is every indication that plaintiff no longer wishes to pursue his cause of action. Finally, plaintiff's unrepentant flaunting of court orders[2] reflects his own contumaciouness or "stubborn resistance to authority"[3] which is personally

---

[2] This report and recommendation itself provides plaintiff with further notice of his non-compliance.

[3] *See Millan, supra*.

attributable to him.[4]

For the foregoing reasons,

**IT IS RECOMMENDED** that plaintiff's complaint be **DISMISSED with prejudice** in accordance with the provisions of Fed.R.Civ.P. 41(b).

Under the provisions of 28 U.S.C. §636(b)(1)(C) and FRCP Rule 72(b), the parties have **fourteen (14) days** from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within **fourteen (14) days** after being served with a copy thereof. A courtesy copy of any objection or response or request for extension of time shall be furnished to the District Judge at the time of filing. Timely objections will be considered by the District Judge before he makes a final ruling.

**A PARTY'S FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN FOURTEEN (14) DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT ON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE UNOBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE.**

THUS DONE AND SIGNED in Chambers at Monroe, Louisiana, this 26th day of August 2011.

KAREN L. HAYES
U. S. MAGISTRATE JUDGE

---

[4] As recited above, the court directed counsel to provide his client with a copy of the notice of intent to dismiss. There is no evidence that counsel failed to effect same.